Erika Leticia **ROSALES FERNANDEZ,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 04–73742.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James Mitzelfeld, Office of the United States Attorney, Detroit, MI, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Erika Leticia Rosales Fernandez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming, without opinion, an immigration judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000), and we deny the petition for review.

 Rosales Fernandez testified that her family received two anonymous threatening letters and that unidentified men searched for her at her home. Neither her testimony, nor any other evidence in the record, compels the conclusion that Rosales Fernandez was persecuted or would be persecuted, even in part, on account of political opinion or any other protected ground. *See id.* at 1150 (recognizing that the burden is on the petitioner to demonstrate that persecution occurred on

** This disposition is not appropriate for publication and may not be cited to or by the

account of an enumerated ground). Accordingly, substantial evidence supports the IJ's determination that Rosales Fernandez did not establish that she suffered past persecution or a well-founded fear of future persecution on account of an enumerated ground.

Rosales Fernandez's fear that Guatemala is generally unsafe is insufficient to render her eligible for asylum. *See Pedro–Mateo*, 224 F.3d at 1151 ("To qualify for asylum ... an alien's predicament must be appreciably different from the dangers faced by the alien's fellow citizens.") (internal quotation and citation omitted).

Because Rosales Fernandez failed to prove eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1150.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.